■ In the Matter of the Claim of ERNA PERLMUTTER, on Behalf of Herself and Minor Children, Respondent, against DUCHESS HOSIERY CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from an award of death benefits made by the Workmen's Compensation Board to the widow and three children of a deceased employee. Prior to his death decedent was in the employ of and the president of a corporation known as the Duchess Hosiery Corp. There was some proof that his duties embraced active selling on behalf of the corporation. The latter had an account with a retail store in Ellenville, New York which bought hosiery through mail advertising, and this particular territory was not covered by any salesman employed by the corporation. During August, 1955 decedent's family was staying at a summer hotel at Greenfield Park, New York, not far distant from the village of Ellenville. On Thursday, August 18, 1955 decedent left New York in an automobile in company with some other men, and the board could find from the proof in the record that he intended to visit the retail account of his corporation in Ellenville for business purposes. There was also proof that when decedent visited his family on weekends he usually left New York on Friday, but on the occasion in question he left on Thursday so as to visit the account in Ellenville. When the party arrived at Ellenville they found the village practically flooded and the stores closed. They attempted to continue the journey but had to abandon the car in which they were riding and eventually decedent was swept away by a flash flood and drowned. The issue of course is whether the accident which caused decedent's death arose out of and in the course of his employment. Two cases are relied upon by appellants to bar the claim: *Matter of Marks* v. *Gray* (251 N. Y. 90) and *Matter of Glickman* v. *Greater New York Taxpayers* (305 N. Y. 431). The issue may be close but we think the facts of the present case are distinguishable from those found in the cases cited, particularly in one respect. The inference may be clearly drawn that decedent would not have made the trip on Thursday except for the purpose of calling upon the Ellenville account. It is true that the board made no finding in this regard but we think the inference is implicit from other findings made. Award affirmed with costs to the Workmen's Compensation Board. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.

■ In the Matter of GUSSIE EVANS, Appellant, against MORTIMER MICHAELS et al., Constituting the Town Board of the Town of Fallsburgh, Sullivan County, Respondents.— Appeal from an order of the Supreme Court at Special Term, Sullivan County which granted respondents' motion to dismiss the petition in this proceeding on the ground it was barred by a 30-day Statute of Limitations provided by section 195 of the Town Law. Petitioner,

as the owner of a parcel of real property embraced within the Fallsburgh Park District, sought to review and annul the determination of the Town Board of Fallsburgh creating such district. She alleged in substance that the town board in creating the park district, after the petition therefor had been filed, altered its boundaries by omitting from the original plan as filed a substantial part of the real property originally embraced therein. Petitioner further alleges that the town board upon taking this action failed to call and conduct a further hearing, and to give notice thereof by posting, publishing and mailing in the manner provided by section 193 of the Town Law. Respondents do not admit any illegality or failure to comply with the statute, but urge that petitioner is barred by the limitations contained in subdivision 2 of section 195 of the Town Law which provides as follows: " Any interested party aggrieved by any final determination or order made pursuant to the provisions of this article may review the same by certiorari provided that the application for such order of certiorari is made within thirty days from the date of the recording of the certified copy of the order of determination in the office of the clerk of the county. The said determination or order shall be *final and conclusive* unless application has been made for review by certiorari within thirty days from the time of the recording thereof." (Italics supplied.) The Special Term found that the Statute of Limitations quoted applied to the petition herein in that it was not filed in time, and the determination of the town board became final and conclusive. In our opinion this conclusion was justified. Order affirmed, with $10 costs. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.